UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT WARD, | No. 2:21-cv-2220 DAD KJN P |
| Petitioner, | |
| v. | ORDER |
| SUZANNE M. PEERY, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding pro se, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is fully briefed and submitted for decision. On January 9, 2023, petitioner filed a document styled, "Motion for Stay and Abeyance." (ECF No. 15.) Respondent opposes the motion, and petitioner filed a reply. As discussed below, petitioner's motion is denied without prejudice.

I. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was violated. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

II. Unexhausted Claims

The instant petition is exhausted and fully briefed; petitioner claims that the jury's verdict finding him competent to stand trial was not supported by substantial evidence. (ECF No. 1.) In his motion, petitioner lists seven proposed claims, also suggesting there may be more claims, and concedes the proposed claims have not been exhausted.[2] Petitioner explains only that his attorney failed to present these issues on habeas corpus. (ECF No. 1 at 1.)

Respondent contends that petitioner fails to demonstrate he is entitled to a stay under Rhines because petitioner alleges no good cause, no possible merit, and no reason for his extreme delay. Similarly, respondent contends petitioner failed to demonstrate he is entitled to a stay under Kelly because petitioner failed to describe his putative claims in detail or demonstrate his new claims are timely or relate back to his original exhausted claim. (ECF No. 16 at 2-3.)

In reply, petitioner concedes the late filing of his motion for stay, and that he has not described his proposed new claims in detail, stating the claims will be addressed in the habeas petitions filed in state court. (ECF No. 17 at 2, 3.) Petitioner appears to claim that he sustained ineffective assistance of counsel because counsel failed to bring these claims in state court. (ECF No. 17 at 2.) Petitioner then lists the elements required for a stay under Rhines but claims he will prove the first two elements "in the future state action." (ECF No. 17 at 3.) He contends the third elements is "meaningless" because he is incarcerated and gains nothing by delay. (Id.) However, petitioner then claims he is attempting to comply with the requirements for a stay under Kelly.

---

[2] Petitioner is not required to await resolution of his request for stay in this action before returning to state court to properly exhaust his state court remedies.

Petitioner claims the deputy district attorney addressed the new claims simply because they arise from the same conviction or sentence, and petitioner was convicted in an unfair trial and his rights were not addressed. Petitioner simply states that respondent's arguments, including that the "statute of limitations has been exhausted," "appear to be without merit." (ECF No. 17 at 4.)

Although petitioner seeks a stay, he fails to demonstrate that he is entitled to such a stay. Specifically, he failed to provide sufficient information for the court to determine whether a stay can be granted; for example, he fails to (a) provide sufficient factual support for each proposed new claim, (b) identify the type of stay he seeks, and (c) indicate whether he is currently pursuing habeas relief in state court. And petitioner failed to address the elements required under the type of stay he intends to seek, as articulated below.

Petitioner is advised that if he wishes to obtain a stay of his current federal petition, he must demonstrate he is entitled to such a stay by specifically identifying the type of stay he seeks, and then providing the information required for that particular stay, as discussed in detail below. Providing such information to the state habeas courts will not accomplish a stay of this federal court action.

III.  Petitioner's Options

Rhines Stay

The United States Supreme Court held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509, 522 (1982). The requirements for a stay are those set forth in Rhines v. Weber, 544 U.S. 269 (2005). Under Rhines, a district court may stay, in limited circumstances, a petition pending exhaustion of unexhausted claims if: (1) the petitioner had good cause for his failure to exhaust; (2) his unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id., 544 U.S. at 278. Each of these three conditions must be satisfied. Id. Petitioner should provide specific facts and evidence to demonstrate he has good cause for his failure to earlier exhaust the new claims, explain why or how the unexhausted claims are potentially meritorious, and explain why the court should find petitioner did not engage in

intentionally dilatory litigation tactics. Simply re-stating the terms of the specific element is insufficient.

### Kelly Stay

Petitioner may request that the petition be stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under these circumstances, a Kelly stay involves the following process: (1) the court stays and holds in abeyance the fully exhausted petition, allowing petitioner the opportunity to return to state court to exhaust the unexhausted claims; and (2) petitioner later moves to amend his petition and reattaches the newly exhausted claims to the original petition. Id. This is a more cumbersome procedure than a Rhines stay because it requires petitioner to file an amended federal habeas petition, but it does not require petitioner to demonstrate good cause for the failure to exhaust. See King v. Ryan, 564 F.3d 1133, 1140 (9th Cir. 2009). However, this court cautions petitioner that choosing this alternative may risk forfeiting consideration of the unexhausted claims in this or any other federal habeas proceeding. See McCleskey v. Zant, 499 U.S. 467 (1991); Rose, 455 U.S. at 520-21; see also 28 U.S.C. § 2244(d)(1) (stating that a one-year period of limitation shall apply to all federal habeas petitions challenging a state court judgment); Rules Governing Section 2254 Cases, Rule 9(b). The court declines to address at this time whether such a motion would be appropriate or timely under Mayle v. Felix, 545 U.S. 644 (2005).

The undersigned will entertain a renewed motion for stay and abeyance if petitioner wishes to bring such a motion and believes he can make the showing required by Rhines. In the alternative, petitioner may seek a stay under Kelly, and file a motion to amend accompanied by a proposed amended petition once the California Supreme Court has ruled on petitioner's unexhausted new claims.[3]

---

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Although § 2244(d)(2) provides for such statutory tolling, "[u]nder Duncan v. Walker, 533 U.S. 167 (2001), the filing of a petition for federal

III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay (ECF No. 15) is denied without prejudice; and

2. Within thirty days from the date of this order, petitioner may renew his motion for stay, identifying which option he chooses. If he chooses to file a motion for stay under Rhines, he must address all three of the conditions required with supporting facts and evidence. If petitioner chooses to file a motion for stay under Kelly, he must specifically articulate each proposed new claim and demonstrate how such claim would be timely under the AEDPA's statute of limitations. If petitioner does not renew his motion for stay, this action will proceed on the original petition.

Dated: April 3, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/ward2220.stay.fb

---

habeas corpus relief does not toll AEDPA's statute of limitations. King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). Also, a stay under Kelly does not toll the AEDPA statute of limitations period for all claims, only for properly exhausted claims. King, 564 F.3d at 1141-42. A petitioner may only re-add the newly exhausted claims under a Kelly stay if such claims (a) are timely under the AEDPA statute of limitations; or (b) "relate back to claims properly contained in the original petition -- that is, those claims that were exhausted at the time of filing." King, 564 F.3d at 1141-42. New claims relate back to existing claims when they share "a common core of operative facts." Mayle v. Felix, 545 U.S. 644, 664 (2005); Fed. R. Civ. P. 15(c)(1).