UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT WARD,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUZANNE M. PEERY,<br><br>　　　　Respondent. | No.  2:21-cv-2220-DAD-KJN (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITIONER'S MOTIONS FOR A STAY AND FOR DISCOVERY<br><br>(Doc. Nos. 19, 20, 24) |

　　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On June 1, 2023, the assigned magistrate judge issued findings and recommendations recommending that petitioner's motion for stay and abeyance (Doc. No. 19) and his motion to compel discovery (Doc. No. 20) be denied.  (Doc. No. 24.)  The findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within fourteen (14) days of the date of their service.  Petitioner's objections to the pending findings and recommendations were received by the court on June 20, 2023 (Doc. No. 25) and are deemed timely filed.  Respondent has not filed any reply to petitioner's objections.

　　　　Petitioner's objections do not meaningfully address the detailed legal analysis set out in the pending findings and recommendations and do not provide any basis upon which to reject

1

those findings and recommendations. Rather, in his objections, petitioner merely questions the underlying criminal investigation and his prosecution by the Nevada County District Attorney's Office, as well as the handling of his defense by his appointed counsel. (Doc. No. 25 at 2–3.) In addition, petitioner emphasizes that he is not schooled in the law and suggests that this court should therefore stay this federal habeas action, allow him to exhaust his new unexhausted claims in state court and then, if necessary, address all of his claims on their merits. (*Id*. at 3–5.) As the findings and recommendations correctly point out, however, the law does not permit this court to do as petitioner asks. The petition before the court is not a mixed petition but instead presents a single exhausted claim and petitioner is not entitled to a stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005) to exhaust new unexhausted claims. *See Jackson v. Roe*, 425 F. 3d 654, 661 (9th Cir. 2005); *see also Bell v. Arnold*, No. 17-cv-01969-JFW-GJS, 2017 WL 4174402, at *3 (C.D. Cal. Aug. 31, 2017) ("District courts in this Circuit, however, have found repeatedly that the *Rhines* procedure is inapplicable to fully exhausted petitions and, instead, the *Kelly* procedure governs."). Moreover, petitioner is not entitled to a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) because, as the findings and recommendations correctly conclude, it is apparent that all seven of the new claims he proposes to now bring and then exhaust in state court are time barred. *See King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections, the undersigned concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. Therefore, the findings and recommendations will be adopted and petitioner's motion for stay and abeyance and his motion to compel discovery will both be denied.

/////

---

[1] In his objections petitioner does not address the analysis set forth in the pending findings and recommendation concluding that he is not entitled to tolling of the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations and that his proposed new habeas claims would not relate back to his properly filed, exhausted claim. Nor does petitioner object to the recommendation that his motion to compel discovery be denied.

For the reasons explained above:

1. The findings and recommendations issued June 1, 2023 (Doc. No. 24), are adopted in full;
2. Petitioner's motion for stay and abeyance (Doc. No. 19) is denied;
3. Petitioner's motion to compel discovery (Doc. No. 20) is denied;
4. This action proceeds on petitioner's sole exhausted claim presented in his original petition in which he asserts that the jury's verdict finding him competent to stand trial was not supported by substantial evidence (*see* Doc. No. 1 at 6); and
5. This action is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **July 26, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3