UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH VINCENT WARD,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE M. PEERY,<br><br>Respondent. | No.  2:21-cv-02220-DAD-KJN (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 27) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 27, 2023, the court issued an order adopting the assigned magistrate judge's June 1, 2023 findings and recommendations and denying petitioner's motions for a stay and to compel discovery.  (Doc. No. 26.)   On August 11, 2023, the court received petitioner's motion for reconsideration of the July 27, 2023 order.  (Doc. No. 27.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration orders of the district court.  Rule 60(b) permits a district court to relieve a party from an order or judgment on grounds, among others, of:  "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . by an opposing party."  Fed. R. Civ. P. 60(b).

/////

1

1    Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to
2 show the "new or different facts or circumstances claimed to exist which did not exist or were not
3 shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).  To
4 succeed on a motion for reconsideration, a party must set forth facts or law of a strongly
5 convincing nature to induce the court to reverse its prior decision.  *See, e.g., Kern-Tulare Water*
6 *Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part*
7 *on other grounds*, 828 F.2d 514 (9th Cir. 1987).  Reconsideration of a prior order is an
8 extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial
9 resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation
10 omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing
11 reconsideration under Rule 60(b)).

12    In his motion for reconsideration, petitioner, in large part, simply repeats his questioning
13 of the underlying criminal investigation and prosecution of his case in state court (including his
14 allegation of *Brady* violations with respect to evidence allegedly in the possession of law
15 enforcement in the State of Nevada), as well as the handling of his defense by his counsel in that
16 prosecution.  (Doc. No. 27.)   In addition, petitioner suggests that he is innocent of the murder for
17 which he was convicted.  (*Id.* at 4–5, 9.)   Petitioner's arguments fail to provide any basis upon
18 which this court should reconsider its order determining that his unexhausted claims were time-
19 barred and that he was not entitled to a stay of these proceedings under either the decision in
20 *Rhines v. Weber*, 544 U.S. 269 (2005) or that in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003),
21 *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).  (*See* Doc. No.
22 26 at 2) (citing *King v. Ryan*, 564 F.3d 1133, 1141–42 (9th Cir. 2009)).  Nor has petitioner
23 presented any legal argument supported by authority which would call for the reconsideration of
24 the court's denial of his motion to compel discovery as to his unexhausted and time-barred
25 claims.

26    Accordingly, petitioner's motion for reconsideration (Doc. No. 27) of this court's July 27,
27 2023 order is hereby denied.  As noted in the court's prior order, this action now proceeds on
28 petitioner's sole exhausted claim presented in his original petition in which he asserts that the

jury's verdict finding him competent to stand trial was not supported by substantial evidence (*see* Doc. No. 1 at 6). This action is referred back to the assigned magistrate judge for further proceedings.

    IT IS SO ORDERED.

Dated: **August 22, 2023**

                                        */s/ Dale A. Drozd*
                                   UNITED STATES DISTRICT JUDGE