1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSEPH VINCENT WARD,                    No. 2:21-cv-02220-DAD-CSK (HC)

12                     Petitioner,            ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, DENYING
13         v.                                 PETITION FOR FEDERAL HABEAS RELIEF
                                              AND DECLINING TO ISSUE A
14    SUZANNE M. PEERY,                       CERTIFICATE OF APPEALABILITY

15                     Respondent.            (Doc. Nos. 1, 39, 41, 42)

16

17         Petitioner, a state prisoner proceeding *pro se*, filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate

19   Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20         On March 19, 2024, the assigned magistrate judge issued findings and recommendations

21   recommending that the pending petition for federal habeas relief be denied on the merits. (Doc.

22   No. 39). Specifically, the magistrate judge concluded that the state appellate court's

23   determination that the evidence presented at petitioner's competency trial was sufficient to

24   support the jury's finding that he was competent to stand trial[1] was not contrary to or an

25   _____

26   [1] Under California Penal Code § 1369 the determination of a criminal defendant's mental
     competence, once raised, proceeds in a designated order including: "If counsel for the defendant
27   waives the right to a jury trial and the prosecution consents, . . ., the hearing shall be heard by the
     court. Otherwise, a determination of the defendant's competency to stand trial shall be decided
28   by a jury. The verdict of the jury shall be unanimous." Cal. Pen. Code § 1369 (c)(4).

                                              1

1 unreasonable application of any United States Supreme Court precedent and was not based upon

2 an unreasonable determination of the facts.  (*Id.* at 13–18.)

3       The pending findings and recommendations were served on the parties and contained

4 notice that any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at

5 18.)  On April 1, 2024, the court received petitioner's timely objections to the pending findings

6 and recommendations.  (Doc. No. 41.)  On August 5, 2024, petitioner filed a document styled as a

7 request for the court to conclude the issue presented.  (Doc. No. 42.)

8       In his somewhat difficult to decipher objections petitioner argues that he "is not

9 delusional" and complains of the actions of his trial and appellate counsel in his state court

10 proceedings, suggesting that the allegations set forth in the pending petition for federal habeas

11 relief are those of his prior counsel and not his own.  (Doc. No. 41 at 2.)  Instead, petitioner

12 appears to suggest that he is factually innocent of the murder for which he was convicted as he

13 has asserted in a related federal habeas action now pending before the Ninth Circuit Court of

14 Appeals (*see* 2:23cv2175 DAD) and that law enforcement investigators and his own counsel

15 failed to properly investigate the crime.  (*Id.* at 2–4.)  In any event, none of these objections

16 provide any basis upon which to reject the pending findings and recommendations.  Those

17 findings and recommendations will therefore be adopted and the pending application for federal

18 habeas relief will be denied.

19       Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the court has

20 considered whether to issue a certificate of appealability.  *See* Local Rule 191(j).  A habeas

21 petitioner may appeal only those claims for which a certificate of appealability is granted.  *See* 28

22 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Rios v. Garcia*, 390 F.3d 1082, 1088 (9th Cir. 2004); *see*

23 *also Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

24 (2000).

25       A certificate of appealability may issue "only if the applicant has made a substantial

26 showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either

27 issue a certificate of appealability indicating which issues satisfy the required showing or state the

28 reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

1    Where constitutional claims are denied on the merits, the petitioner must show that

2  reasonable jurists would find the district court's assessment of the constitutional claims debatable

3  or wrong. *Slack*, 529 U.S. at 484–85.  In the present case, the court concludes that reasonable

4  jurists would not find this court's denial of federal habeas relief on petitioner's claims to be

5  debatable, wrong, or deserving of encouragement to proceed further.  Thus, the court will decline

6  to issue a certificate of appealability.

7    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

8  *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's

9  objections, the court concludes that the findings and recommendations are supported by the

10  record and by proper analysis.

11    Accordingly, IT IS HEREBY ORDERED that:

12    1.  The findings and recommendations (Doc. No. 39) are ADOPTED in full;

13    2.  Petitioner's application for a writ of habeas corpus (Doc. No. 1) is DENIED;

14    3.  The court DECLINES to issue the certificate of appealability referenced in 28 U.S.C.

15      § 2253;

16    4.  Petitioner's request to conclude the proceeding (Doc. No. 42.) is DENIED AS MOOT

17      in light of this order; and

18    5.  The Clerk of the Court is directed to CLOSE this case.

19    IT IS SO ORDERED.

20  Dated:  **February 18, 2025**                    _____

21                                         DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE
22

23

24

25

26

27

28

                                            3